# STEVENS *v.* STOUTENBURGH.

MUNICIPAL ORDINANCES ; REPEAL BY IMPLICATION.

1. The act of the Legislative Assembly of August 12, 1871, regulating the crossing of city streets by engines and cars, is superseded by Article X of the police regulations relating to the same subject.
2. Where a municipal regulation covers the entire subject of a previous regulation and is inconsistent therewith, it will be regarded as an implied repeal of the older regulation.

No. 545.   Submitted April 7, 1896.   Decided May 5, 1896.

HEARING on an appeal by the petitioner from a judgment dismissing a petition for a writ of *habeas corpus.  Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellant.

*Mr. Sidney T. Thomas,* Attorney for the District of Columbia, and *Mr. Andrew B. Duvall,* Assistant Attorney, for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court :

This case was argued and submitted at the same time with that of William T. Smith against the same appellee, Walter H. Stoutenburgh, intendant of the Washington Asylum, and is similar in its history and proceedings, though different in the material respect, that the offence charged was committed at a point within the city of Washington, where a street, admitted to be public, crosses the tracks of the Baltimore and Ohio Railroad Company.   Consequently, it is not ruled by the decision in that case, and must depend upon the question : Whether the act of Assembly of August 23, 1871, has been superseded by the regu-

lations of their successors in authority, the Commissioners of the District.

By the act of Congress, approved January 26, 1887, and the joint resolution of February 26, 1892, the Commissioners were authorized to make police regulations for the government of the District, within certain limitations. In accordance therewith they made and promulgated elaborate regulations concerning the several matters entrusted to them, including the operation of railways along and across the public streets. See Regulations, Article X, p. 36. Section 31 of said Article reads as follows: "All grade crossings or intersections of any steam railroad tracks with streets, avenues or roads shall be made safe by the company owning or operating such roads, by gates and electric bells, or other means and appliances approved by the Commissioners of the District of Columbia. Between sunset and sunrise of each day a head-light or other equivalent reflecting lantern, or a hand lantern in the hands of an attendant, to give due warning to persons near or crossing steam railroad tracks of the approach of trains, locomotives or cars, shall be displayed upon the advancing end of every train of steam railroad cars, and of single steam railroad cars and locomotives not in trains, when moving in the District of Columbia. It shall be unlawful for any person to set in motion, run or operate any train of railroad cars, single railroad car or locomotive, without the said display of such lights or lanterns."

By section 34 a penalty of not less than five nor more than forty dollars is imposed for each offence committed against any of the regulations so made.

We think it clear that the regulation aforesaid must be regarded as completely superseding the provisions of section 2 of the act of the Assembly. It covers the entire subject-matter of that section, and, to remedy the same mischief, substitutes the safety gates and electric bells for the watchman and red flag in the daytime, with some additional precautions for the time between sunset and sunrise.

Regulating the whole matter, and being inconsistent with the provisions of the previous regulation, the later one must be regarded as an implied repeal of the older. It follows, therefore, that there was no law in force under which the information could lie, and the judgment thereon must be declared void.

*The judgment appealed from must be reversed, and the cause remanded to the Supreme Court of the District of Columbia, with directions to discharge the appellant.*